# EXHIBIT A

Case 2:21-cv-04697-ODW-MAA Document 1-1 Filed 06/09/21 Page 2 of 10 Page ID #:5

Electronically FILED by Superior Court of California, County of Los Angeles on 04/15/2021 11:44 AM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Perez, Deputy Clerk
21STCV14490

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: David Sotelo

Matthew P. Malczynski, SBN 271258
HAVENS MALCZYNSKI GRIGOLLA LLP
333 West Foothill Boulevard
Glendora, CA 91741
Tel: (626) 335-6884
Fax: (626) 335-1456

Attorneys for Plaintiffs

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| SHAMILLA PENNINGTON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CLAREMONT, a public Entity; and DOES 1-10,<br><br>Defendants. | CASE NO.: 21STCV14490<br><br>**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS**<br><br>**PLAINTIFF DEMANDS JURY TRIAL** |

The following is a Complaint for damages brought by Plaintiff by and through her attorneys Havens Malczynski Grigolla, LLP, who allege on information and belief as follows:

The following is a 911 call transcript which resulted in the most traumatic experience of Plaintiff Shamilla Pennington's life.

> Caller: Yes they are headed west
> (Dispatch heard making phone calls to LaVerne, Glendora, and CMP requesting assistance)
> Dispatch: Ok, we don't have an officer in that area. Are you still following it?
> Caller: **The reason why I am calling is because the people that live at that house are Asian and**

COMPLAINT
-1-

(interrupted)
Dispatch: Ok where are you at? On the 210 now?
Caller: I didn't get on the 210
Dispatch: You didn't?
Caller: No. What happened is they saw me following them and they saw me circle around because they
are right around my house and then they took off.
Dispatch: **Yes, sounds suspicious, especially with the paper plates.**

## PARTIES TO THE ACTION

1. This is a civil rights violation case arising from Defendants' racial profiling and harassment of Plaintiff. This action is brought pursuant to 42 USC Section 1983 and 1988 and the Fourth, First and Fourteenth Amendments of the United States Constitution n as well as the laws and Constitution of the State of California. Jurisdiction is founded upon 28 USC Sections 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide claims arising under state law.

## INTRADISTIC ASSIGNMENTS

2. A substantial part of the events and/or omissions complained of herein occurred in the City of Claremont/Glendora, Los Angeles County, California, and this action is properly assigned to the Los Angeles Superior Court.

3. Plaintiffs are informed and believe and thereon allege that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damage to Plaintiffs. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision and discipline of the Defendants, including Doe Defendants. .

4. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants was at all material times an agent, servant, employee, partner, joint venture, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within he course and scope of that relationship. Plaintiffs are further

informed and believe, and thereon allege, that each Defendants herein gave consent, aid and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, expect as may be hereinafter otherwise specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity resulting in the deprivation of Plaintiffs' constitutional rights and other harm.

5. The acts and omission of all defendants as set forth herein were at all material times pursuant to the actual custom, policies, practices, and procedures of the Salinas Police Department.

6. At all material times each Defendant acted under the color of the laws, statutes, ordinances and regulations of the State of California.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff re-alleges each and every paragraph in this complaint as if it is fully set forth here.

8. Racial profiling: the Claremont Police Department engaged in awful racial profiling which could easily have cost Plaintiff her life.

9. On or about July 16, 2019, Plaintiff headed from her home with her young teenage daughter, Cynadi, to Claremont, CA. Plaintiff was headed to a job interview in Pasadena after a brief stop in Claremont. That stop in Claremont would change the course of her and Cynadi's life.

10. The purpose of the stop in Claremont was to drop Cynadi off at Cynadi's friend's house. At around 8:30 am, Plaintiff dropped Cynadi off at her friend's home located in Claremont, CA as Cynadi was to set to go to Raging Waters with her friends.

11. It is important to note, Plaintiff and Cynadi are African-American. Cyandi's friends are not. They are all Asian-American. The neighborhood where the friends live is mostly non-African-American.

12. Just before Plaintiff dropped her daughter off she saw a car driving slowly while staring at her. She made eye-contact with the man driving, and felt he was looking at her suspiciously, but did not think much of it after they passed each-other.

13. After she dropped Cynadi at the house, she proceeded to leave. She saw that same car with the man looking at her strangely on her way out.

14. Plaintiff headed north towards the 210 freeway. Just before she entered the 210 Freeway she saw a police officer in her rearview mirror. Again, she did not think much of it at the time.

15. She entered the 210 Freeway in Claremont at the Indian Hill on-ramp. The police officer followed, no lights, no sirens. Just following her.

16. Plaintiff proceeded towards Pasadena. She occasionally checked her mirror, but did not see any indication that she needed to pull over or that officer was after her for any reason.

17. That all swiftly changed, as did her life.

18. When Plaintiff reached Glendora, CA, at or around the Lone Hill Avenue exit, she noticed that the Claremont Police Officer had turned his lights on. She assumed that he must have received a call for something so she followed the law and pulled to the right to let the officer pass.

19. The officer also moved to the right. It was clear that the officer was following Plaintiff and that Plaintiff was being pulled over.

20. Plaintiff immediately pulled over and put her hands on the wheel.

21. The officer began yelling and drew his gun from its holster. The officer pointed the gun at Plaintiff while screaming at her repeatedly.

22. Plaintiff indicated that she had done nothing wrong and asked repeatedly what is happening. The officer held his gun on her and had other officers join the stop.

23. At all material times, and alternatively, the actions and omissions of each defendant were intentional, wanton and/or willful, conscience shocking, reckless, malicious, deliberately indifferent to Plaintiffs' rights, done with actual malice as the entire incident was ENTIRELY based upon Plaintiff's race, which was admitted by the 911 operator.

## FIRST CAUSE OF ACTION
## 42 USC SECTION 1983

## ALL PLAINTIFFS AGAINST CITY OF CLAREMONT and DOES 1-10

24. Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth herein.

25. By the actions and omissions described above, Defendants City of Claremont along with Does 1-10 violated 42 USC Section 1983, depriving Plaintiffs of the following clearly-established and well-settled constitutional rights protected by the Fourth and Fourteenth Amendments to U.S. Constitution:

    A. The right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments.
    B. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments.
    C. The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments.
    D. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment.
    E. The right to be free from wrongful government interference with familial relationship and Plaintiffs' right to companionship, society and support of each other, as secured by the First, Fourth and Fourteenth Amendments, and California Code of Civil Procedure Sections 377.29 et seq., and 377.60 est seq.

26. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously and with conscious and reckless disregard for whether the rights and safety of and others would be violated by their acts and/or omissions.

27. As a direct and proximate result of the Defendant' acts and/or omissions as set forth above, Plaintiffs sustained injuries and damages as set forth in this complaint.

28. Plaintiffs are entitled to reasonable costs and attorney fees under 42 USC Section 1983 and Cal. Code of Civil Procedure Section 377.20 et seq.

///

## SECOND CAUSE OF ACTION
## 42 USC Section 1983
### ALL PLAINTIFFS AGAINST DEFENDANT CITY OF CLAREMONT and DOES 1-10

29. Plaintiff re-alleges each and every paragraph in this complaint as if fully set forth here.
30. The unconstitutional actions and/or omissions of Defendant City of Claremont and Does 1-10 as well as other officers employed by or acting on behalf of the City of Claremont, on information and belief, were pursuant to the following customs, policies, practices, and/or procedures of the Claremont Police Department, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officers for the Claremont PD:
    A. To use or tolerate the use of excessive and/or unjustified force and racial profiling;
    B. To fail to use appropriate and generally accepted law enforcement procedures in racially profiling Plaintiff.
    C. To allow, tolerate and/or encourage a "code of silence" among law enforcement officers and police department personnel, whereby and officer or member of the department does not provide adverse information against a fellow officer or member of the department; and
    D. To use or tolerate inadequate, deficient, and improper procedures for handling, investigating, and reviewing complaints of officer misconduct made under California Government Code Section 910 et seq.
31. Defendants City of Claremont, and Does 1-10 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendant's police officers and Doe Defendants and other CPD personnel with deliberate indifference to Plaintiffs' constitutional rights, where were thereby violated as described above.
32. The unconstitutional actions and/or omissions of Defendant Does 1-10 and other Claremont Police personnel, as described above, were approved, tolerated and/or ratified by policy-making officers for the Claremont Police Department. Plaintiffs are informed and believe and thereon allege, the details of the incident have been revealed to the authorized policy makers within the City of Claremont and the Claremont Police

Department, and that such policy makers have direct knowledge of the fact that the profiling and harassment of Plaintiff Shamilla Pennington was not justified, but rather represented an unconstitutional display of unreasonable, excessive force and unconstitutional racial profiling.

33. The aforementioned customs, policies and procedures and the failure to properly and adequately hire train, instruct, monitor, supervise, evaluate investigate and discipline, as well as the unconstitutional orders approvals, ratification, and toleration of wrongful conduct of Defendant City of Claremont, and Does 1-10 were a moving force and/or proximate cause of deprivations of Plaintiff's clearly-established and well settled constitutional rights in violation of 42 USC Section 1983, as more fully set forth in Paragraph 28, above.

34. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously and with conscious and reckless disregard for whether the rights and safety of Plaintiffs and others would be violated by their acts and/or omissions.

35. As a direct and proximate result of the unconstitutional actions, omissions customs policies, practices and procedures of Defendants and Does 1-10 as described above, Plaintiffs sustained serious and permanent injuries and are entitled to damages and penalties, costs and attorney fees as set forth above.

## THIRD CAUSE OF ACTION
## VIOLATION OF CIVIL CODE SECTOIN 52.1
## ALL PLAINTIFFS AGAINST ALL DEFENDANTS

36. Plaintiffs re-allege each and every paragraph in this compliant as if fully set forth here.

37. By their acts omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, violated Plaintiff's rights under California Code Section 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

   A. The right to be free from unreasonable searches and seizures as secured by the fourth and Fourteenth Amendments.

</pre>

B. The right to be free from excessive and unreasonable force in the course of arrest or detention as secured by the Fourth and Fourteenth Amendments.

C. The right to be free from the use of unlawful deadly force as secured by the Fourth and Fourteenth Amendments.

D. The right to be free of unlawful, reckless, deliberately indifferent, and conscience shocking deadly force as secured by the Fourteenth Amendment.

E. The right to be free from wrongful government interference with familial relationship and Plaintiffs' right to companionship, society and support of each other, as secured by the First, Fourth and Fourteenth Amendments, and California Code of Civil Procedure Sections 377.29 et seq, and 377.60 et seq.

F. The right to enjoy and defend life and liberty, acquire, possess and protect property, and pursue and obtain safety, happiness and privacy, as secured by the California Constitution, Article 1, Section 1;

G. The right of life, liberty and property and not to be deprived of those without due process of law as secured by the California Constitution, Article 1, Section 7;

H. The right to be free from unlawful and unreasonable seizure of one's person, including the right to be free from unreasonable or excessive deadly force, as secured by the California Constitution, Article 1, Section 13;

I. The right to protection form bodily restrain, harm or personal insult, as secured by Cal. Civil Code section 43.

38. As a direct and proximate result of Defendants' violation of California Civil Code Section 52.1 and of Plaintiffs' rights under the United States of California Constitution, Plaintiffs sustained injuries and damages, and against each and every Defendant are entitled to relief as set forth above against the Defendants, and Does 1-10 in their individual capacities, including all damages allowed by California Civil Code Sections 52, 52.1, and California law, not limited to costs, attorney fees, and civil penalties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

a. Compensatory and exemplary damages in an amount according to proof and which is fair, just and reasonable.
b. All other damages, penalties, costs, interest and attorney fees as allowed by 42 USC Section 1983 and 1988, Cal. Code of Civ. Procedure Section 377.20 et seq., 377.60 et seq., 1021.5, Cal. Civil Code Section 52, et seq., 52.1 51.7 and as otherwise may be allowed by California and/or Federal law.
c. Injunctive relief:
   i. An order prohibiting Defendants and their police officers from unlawfully interfering with the rights of the Plaintiffs and others to be free from unreasonable searches and seizures and excessive and unreasonable force;
   ii. An order prohibiting Defendants from racially profiling citizens;
   iii. An order prohibiting Defendants and their police officers from engaging in a code of silence as may be supported by the evidence in this case,
   iv. An order requiring Defendants to train all CPD law enforcement officers concerning generally accepted and proper tactics and procedures for the use of deadly force.

Plaintiff demands a trial by jury.

Dated: April 16, 2021

HAVENS MALCZYNSKI GRIGOLLA, LLP

By: /s/ MATTHEW P. MALCZYNSKI
Attorneys for Plaintiff

COMPLAINT
-9-